Filed 2/10/22  P. v. Gavaldon CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G060542 |
| v. | (Super. Ct. No. 01CF1110) |
| ANTHONY JAY GAVALDON, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from an order of the Superior Court of Orange County, Cheri T. Pham, Judge.  Reversed and remanded with directions.

Athena Shudde, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, and Alan L. Amann, Deputy Attorney General, for Plaintiff and Respondent.

\*        \*        \*

In 2004, a jury convicted defendant Anthony Jay Gavaldon of attempted murder. In 2021, Gavaldon filed a Penal Code section 1170.95 petition stating he was convicted of murder.[1] The trial court denied Gavaldon's petition. Gavaldon's appellate counsel filed a *Wende* brief. (See *People v. Wende* (1979) 25 Cal.3d 436.)

The Legislature has recently amended section 1170.95 to include attempted murder convictions. Thus, we are reversing the trial court's order denying Gavaldon's section 1170.95 petition and remanding with directions.

I

PROCEDURAL BACKGROUND AND DISCUSSION

In 2004, a jury convicted Gavaldon of attempted premeditated murder, street terrorism, and found true related sentencing enhancements. This court affirmed the judgment on direct appeal, with directions to correct the abstract of judgment. (*People v. Gavaldon* (Sept. 28, 2005, G034343) [nonpub. opn.].)

In 2018, the Legislature limited the scope of the felony-murder rule and eliminated accomplice liability under the natural and probable consequences doctrine. The Legislature also permitted eligible defendants convicted of murder under a now invalid theory to petition to vacate their prior convictions and be resentenced. (§ 1170.95, added by Stats. 2018, ch. 1015, § 4, eff. Jan. 1, 2019.)

Generally, if a section 1170.95 petition contains the required information, the court must appoint counsel, receive briefing, review the record of conviction, and then determine if the petitioner has made a prima facie showing that he or she is entitled to relief. (See *People v. Lewis* (2021) 11 Cal.5th 952, 959-960 (*Lewis*).) If the court determines the petitioner has made a prima facie showing, the court must ordinarily issue an order to show cause and then conduct an evidentiary hearing. (§ 1170.95, subd. (c).)

---

[1] Further undesignated statutory references are to the Penal Code.

"The record of conviction will necessarily inform the trial court's prima facie inquiry . . . , allowing the court to distinguish petitions with *potential merit* from those that are clearly meritless. This is consistent with the statute's overall purpose: to ensure that murder culpability is commensurate with a person's actions, while also ensuring that *clearly meritless* petitions can be efficiently addressed as part of a single-step prima facie review process." (*Lewis*, *supra*, 11 Cal.5th at p. 971, italics added.)

On April 13, 2021, Gavaldon filed a section 1170.95 petition claiming he had been convicted of murder. The trial court summarily denied the petition at the prima facie stage because Gavaldon was convicted of attempted murder. Gavaldon filed a notice of appeal.

On October 18, 2021, Gavaldon's counsel filed an opening brief raising no arguable issues. (See *People v. Wende*, *supra*, 25 Cal.3d 436.) We subsequently ordered the parties to file supplemental briefs addressing the California Supreme Court's decision in *Lewis*, *supra*, 11 Cal.5th 952, and a recent amendment to section 1170.95.

Effective January 1, 2022, the Legislature amended section 1170.95 to included convictions for attempted murder. (Sen. Bill No. 775 (2021-2022 Reg. Sess.); Stats. 2021, ch. 551, § 2.) The amendment to section 1170.95 is ameliorative in nature, and therefore applies retroactively to Gavaldon's appeal. (See *In re Estrada* (1965) 63 Cal.2d 740, 744-745; see also *People v. Frahs* (2020) 9 Cal.5th 618, 627-628.)

The Attorney General argues Gavaldon is ineligible for relief from his attempted murder conviction as a matter of law. Conversely, Gavaldon argues he has established a prima facie basis for relief. But it is not our role as an appellate court to evaluate Gavaldon's petition in the first instance (at the prima facie stage).

Thus, we are reversing the trial court's denial of Gavaldon's section 1170.95 petition. On remand, we are directing the court to appoint counsel, receive briefing from the parties, and consider Gavaldon's section 1170.95 petition to vacate his attempted murder conviction at the prima facie stage.

## II
## DISPOSITION

The trial court's order denying Gavaldon's section 1170.95 petition is reversed. On remand, the court is directed to appoint counsel. The court is further directed to receive briefing, to consider Gavaldon's petition at the prima facie stage, and to make any orders and/or conduct any further proceedings consistent with section 1170.95 and recent case law. (See, e.g., *People v. Lewis*, *supra*, 11 Cal.5th 952.)


MOORE, J.

I CONCUR:


BEDSWORTH, J.

O'LEARY, P. J., Dissenting.

I respectfully dissent. I agree with the majority that effective January 1, 2022, the Legislature amended section 1170.95 to include convictions for attempted murder. Therefore, the crime for which Gavaldon was convicted no longer makes him ineligible for relief under that section. But the Legislature did not amend the provision of the section limiting relief to those defendants who were convicted under the natural and probable consequences theory of liability.

Because the trial court did not instruct the jury on the natural and probable consequences theory of liability and the jury convicted Gavaldon of *premeditated* attempted murder, he remains ineligible for relief. (*People v. Lewis* (2021) 11 Cal.5th 952, 971-972 [trial court may deny resentencing petition at prima facie stage if record of conviction refutes petitioner's allegations]; *People v. Daniel* (2020) 57 Cal.App.5th 666, 677 [trial court may deny petition for resentencing if jury instructions show jury was not instructed on either natural and probable consequences or felony murder doctrines], review dismissed, cause remanded (Dec. 1, 2021, No. S266336).)

I would affirm the postjudgment order because under section 1170.95, as amended, Gavaldon remains statutorily ineligible for relief.


O'LEARY, P. J.

1